**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Laura Sixkiller (SBN 022014); sixkillerl@gtlaw.com
*Attorneys for Defendant/Respondent Citibank, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CITIBANK, N.A., <br><br> Petitioner, <br><br> v. <br><br> DAVID HUNTER, a/k/a Darren D'Nero, <br><br> Respondent. | NO. <br><br> **APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD** |

Pursuant to 9 U.S.C. §§ 9 and 13 of the Federal Arbitration Act ("FAA"), Petitioner Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank"), improperly identified as Citigroup Inc. in the Demand for Arbitration, respectfully requests that the Court confirm the April 20, 2012 arbitration award rendered in its favor and effective May 6, 2012 in Case Number 76 434 00209 11 DEAR[1], decided before the American Arbitration Association (the "Award"), and enter judgment against Plaintiff/Claimant David Hunter, a/k/a Darren D'Nero ("Hunter") in accordance with the Award. This Petition is supported by the Memorandum of Points and Authorities and is made on the following grounds:

---

[1] When the Arbitration was initiated, the case number ended with "GLO." By the time the arbitration award was issued, however, "GLO" had been replaced with "DEAR." This change was made by the America Arbitration Association.

PHX 330506451v2

## MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION AND VENUE

1. At all times mentioned herein, Citibank was, and is a national bank organized and existing under the laws of the United States with its principal place of business in Sioux Falls, South Dakota.

2. Hunter is an individual residing in Yuma, Arizona and a citizen of the State of Arizona.

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1367, as this case presented a federal question.

4. Venue is proper in this Court because this is the judicial district in which the arbitration award sought to be confirmed was made.

## ARBITRATION AGREEMENT AND AWARD

5. On or about August 23, 2011, Hunter filed a Demand for Arbitration with the American Arbitration Association ("AAA") alleging that Citibank purportedly violated Regulation Z by allegedly (i) failing to properly investigate disputed charges made on two separate credit card accounts; (ii) failing to provide provisional credit; (iii) failing to provide documentation showing the charges are Hunter's and (iv) by demanding payment on the disputed charges. *See* Demand for Arbitration, a true and correct copy of which is attached hereto as **Exhibit A**. Hunter also alleged in his Demand for Arbitration that Citibank violated the Fair Credit Reporting Act, 15 USC 1681, et seq., by purportedly reporting inaccurate information in connection with the accounts. *See id*.

6. Hunter initiated arbitration proceeding Case Number 76-434-00209-11 GLO in accordance with the parties' binding Arbitration Agreement, which is contained in the written terms and conditions governing Hunter's credit card accounts (the "Card

Agreement"). Attached hereto as **Exhibit B** is an exemplar Card Agreement containing the applicable Arbitration Agreement.

7. The making of the Arbitration Agreement is not in issue and Hunter agrees that the Arbitration Agreement is a valid and enforceable agreement to arbitrate under the FAA.

8. On or about November 18, 2011, Citibank submitted its response to Hunter's arbitration demand along with its counterclaim, which sought to recover the outstanding balances on the accounts at issue in the arbitration demand. *See* Answering Statement and Request for Counterclaim, a true and correct copy of which is attached hereto as **Exhibit C**.

9. The AAA appointed arbitrator Shawn K. Aiken ("Arbitrator Aiken").

10. A preliminary hearing was held on February 9, 2012.

11. At the preliminary hearing, Arbitrator Aiken determined that the arbitration shall be decided on documents only. *See* Report of Preliminary Hearing and Scheduling Order (No. 1), a true and correct copy of which is attached as **Exhibit D** (the "Scheduling Order").

12. Following the preliminary hearing, Arbitrator Aiken entered the Scheduling Order setting a February 29, 2012 deadline for Hunter to submit his brief and supporting documents. *See id*.

13. Hunter failed to submit a brief or any supporting documents as Arbitrator Aiken required, deciding instead to withdraw his claim. Consequently, Arbitrator Aiken issued an order dismissing Hunter's claim with prejudice. *See* Order of Dismissal With Prejudice of Claimant's Claim Only, a true and correct copy of which is attached as **Exhibit E**.

14. Citibank's counterclaim remained pending and Citibank timely submitted its briefs and supporting documents relating to its counterclaim.

15. After reviewing and considering the written documents submitted by the parties, Arbitrator Aiken issued an Award on April 20, 2012, finding in favor of Citibank on its counterclaim and against Hunter for the sum of $1,585.15, plus interest at the applicable statutory rate until paid in full. *See* Arbitration Award dated April 20, 2012, a true and correct copy of which is attached as **Exhibit F**.

16. Arbitrator Aiken denied Citibank's request for attorneys' fees and costs, ordered that Citibank bear its own filing fee of $750.00, and ordered that "the fees of the arbitrator totaling $250.000 shall be borne equally by the parties." *See id*.

17. A copy of the Award was served on both parties by the AAA via electronic mail on April 20, 2012. Pursuant to the terms of the Arbitration Agreement, Hunter had 15 days after issuance of the Award to appeal the Award to a panel of three arbitrators. Hunter did not appeal the Award. As a result, the Award became final on May 6, 2012.

18. More than six months have passed since the Award was filed or delivered; during that time, Hunter has urged no grounds to vacate, modify or correct the Award; therefore, as a matter of law, Citibank is entitled to confirmation of this Award.

## **LEGAL AUTHORITY**

According to the Federal Arbitration Act, any party to an arbitration may, "at any time within one year after the award is made," "apply to the court … for an order confirming the award." 9 U.S.C. § 9. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary; confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986); *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1402 (2008) ("An application for any of these orders will get

-4-

*PHX 330506451v2*

streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court. § 6. Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.") (footnote omitted).

Arbitrator Aiken rendered the Award on April 20, 2012. Citibank's application for an order confirming the award is therefore timely. Furthermore, the Arbitration Award has not been vacated, modified, or corrected, nor has any party to the arbitration filed or served a petition to vacate, modify, or correct the Award pursuant to Sections 10 or 11 of the FAA and the time to file such a petition has run. Accordingly, as a matter of law, the Court must enter an order confirming the Arbitration Award and enter judgment in Citibank's favor. *See* 9 U.S.C. § 12 (stating that a motion to vacate, modify, or correct must be served within three months of when the arbitration award was filed or delivered); *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568 (7th Cir. 2007) (confirming arbitration award where no timely motion to vacate was filed); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (a party cannot attempt to vacate an arbitration award after the three-month time limit, even in response to a motion to confirm); *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960) ("[T]he Court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, *i.e.*, avoidance of litigation, would be frustrated.").

WHEREFORE, Citibank prays that:

A. This Court enter an order confirming the Award, as authorized by Section 9 of the FAA;

B. This Court enter a Judgment that confirms the Award of Arbitrator Aiken;

C. Citibank be awarded its costs and disbursement in this proceeding; and

1    D.    This Court award Citibank any and all other relief that it deems just and
2 proper.

3    RESPECTFULLY SUBMITTED this 14th day of November, 2012.

    GREENBERG TRAURIG, LLP


    By: */s/  Laura Sixkiller*
        Laura Sixkiller
        *Attorneys for Petitioner Citibank, N.A.*

PHX 330506451v2