# EXHIBIT C

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

# ARBITRATION
## Answering Statement and Counterclaim Request

| | |
|---|---|
| **MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange mediation, please check this box. There is no additional administrative fee for this service.* | ☐ |

| Name of Claimant | Name of Representative (if known) |
|---|---|
| David Hunter | |
| **Address:** 11881 S. Fortuna Road #23 | **Name of Firm (if applicable)** |
| | **Representative's Address:** |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Yuma | AZ | 85367 | | | |

| Phone No. | Fax No. | Phone No. | Fax No. |
|---|---|---|---|

| Email Address: 602Hunter@gmail.com | Email Address: |
|---|---|

| AAA CASE # (if known)  76 434 E 00209 11 GLO | Filing a Counterclaim:  Yes ☐  No ☐ |
|---|---|
| | *If yes, please describe nature of counterclaim in space below.* |

**PLEASE ANSWER CLAIMANT DEMAND FOR ARBITRATION (AND DESCRIBE COUNTERCLAIM, IF APPLICABLE):**
*Attach additional pages as necessary.*

Please see attached Response and Counterclaim to Claimant's Demand

| Dollar Amount of Claim or Counterclaim $ | Other Relief Sought:  ☐Attorneys Fees  ☐Interest  ☐Arbitration Costs  ☐Punitive/ Exemplary  ☐Other |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Hearing locale  Request for Document Hearing  (check one) ☐Requested by Respondent  ☑Locale provision included in the contract

Estimated time needed for hearings overall: _____ hours or _____ days

| Signature (may be signed by a representative)   Date: 11/18/11 | Name of Representative Alexandra Mijares Nash, Esq. |
|---|---|
| Name of Respondent Citibank, N.A. (successor in interest to Citibank (South Dakota), N.A. | Name of Firm (if applicable) Greenberg Traurig, LLP |
| Address (to be used in connection with this case) c/o Monika Selmont, 14000 Citi Cards Way | Representative's Address: 2375 East Camelback Road, Suite 700 |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Jacksonville | FL | 32258 | Phoenix | AZ | 85016 |

| Phone No. (904) 954-8877 | Fax No. (904) 954-8716 | Phone No. 602-445-8478 | Fax No. 602-445-8691 |
|---|---|---|---|

| Email Address: monika.selmont@citi.com | Email Address: nasha@gtlaw.com |
|---|---|

PLEASE SEND TWO COPIES OF THIS ANSWERING STATEMENT, WITH THE FILING FEE FOR ANY COUNTERCLAIM, AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL ANSWERING STATEMENT TO THE CLAIMANT.

Please visit our website at www.adr.org if you would like to file this counterclaim online.   AAA Customer Service can be reached at 800-778-7879

## AMERICAN ARBITRATION FORUM

David Hunter v. Citigroup Inc.

Case No.   76 434 E 00209 11 GLO

## <u>RESPONSE TO CLAIM AND COUNTERCLAIM</u>

### <u>RESPONSE</u>

Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank"), improperly identified as Citigroup Inc. in the Demand, submits this response to the November 2011 arbitration claim ("Claim") filed by David Hunter ("Claimant") in connection with his two Citibank credit card accounts.   The two credit cards at issue are issued by Citibank, and not Citigroup Inc.   Citibank is a national bank located in Sioux Falls, South Dakota.   Claimant is a resident of Yuma, Arizona. Claimant's Claim appears to involve disputed charges on two separate Citibank credit card accounts issued to Claimant, both issued in June 2009 (the "Accounts").

Citibank hereby generally and specifically denies all of the allegations contained in the Claim.  Citibank further denies that the relief requested by Claimant is appropriate and/or that damages were sustained, or that Citibank's conduct was objectionable or unreasonable.  Citibank further denies that, by reason of any act, fault, carelessness or omission on its part, Claimant has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Failure To State A Cause Of Action

1.  The Claim fails to set forth facts sufficient to state a cause of action against Citibank.

### SECOND AFFIRMATIVE DEFENSE

Waiver

2.  The Claim is barred by the conduct, actions and inactions of Claimant, which amount to and constitute a waiver of any right or rights that Claimant may or might have in relation to the matters alleged in the Claim.

### THIRD AFFIRMATIVE DEFENSE

Estoppel

3.  The Claim is barred by the conduct, actions and inactions of Claimant, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

### FOURTH AFFIRMATIVE DEFENSE

Res Judicata

4.  The Claim is based on the same transactions at issue in the David Hunter v. Citibank, N.A. AAA arbitration, Case No.: 76 434 E 00145 10 GLO, wherein an award was issued in favor of Citibank on or about August 30, 2010.

### FIFTH AFFIRMATIVE DEFENSE

Failure To Mitigate

5.  Although Citibank denies that Claimant has suffered any harm as alleged in the Claim, to the extent that Claimant has suffered harm, he has have failed to mitigate that harm.

## SIXTH AFFIRMATIVE DEFENSE

### Comparative Negligence

6. Citibank denies any legal responsibility for Claimant's alleged damages; however, to the extent that Citibank is found to be legally responsible, Citibank's legal responsibility is not the sole and proximate cause of Claimant's alleged injuries, and any damages awarded to Claimant is to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

## SEVENTH AFFIRMATIVE DEFENSE

### Contributory Negligence

7. Claimant failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the damages sought by the Claim; thus, the damages, if any, sustained by Claimant were proximately caused and contributed to by the negligence of Claimant.

## EIGHTH AFFIRMATIVE DEFENSE

### Consent/Acquiescence

8. By his own conduct, acts and/or omissions, Claimant consented to and acquiesced in Citibank's alleged conduct.

## NINTH AFFIRMATIVE DEFENSE

### Set Off

9. If Plaintiff has suffered any damages as a result of the claims alleged in the Arbitration Demand, which is assumed solely for the purpose of this affirmative defense, such claims are subject to set off of amounts due and owing by Plaintiff to Citibank.

## TENTH AFFIRMATIVE DEFENSE

### Reservation Of Right To Assert Other Defenses and/or Counterclaim

10. Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## COUNTERCLAIM

Citibank seeks the amount of $1,372.58, the amount of the outstanding balances on the Accounts as of November 16, 2011, plus interest and attorney's fees, as its Counterclaim.

It is clear that Claimant has failed to demonstrate that he is entitled to recover any sums from Citibank in connection with the Accounts; accordingly, Citibank requests that the Claim be dismissed, and that the Arbitrator find in favor of Citibank on its Counterclaim. However, in the event that the Arbitrator finds in favor of Claimant, Citibank requests that any relief be afforded in the form of a credit to the Accounts.