# EXHIBIT F

# AMERICAN ARBITRATION ASSOCIATION

## Commercial Arbitration Tribunal

**No. 76 434 00209 11 DEAR**

*In the Matter of the Arbitration of*

DAVID HUNTER

and

CITIBANK, N.A.

## FINAL AWARD

I THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me, do hereby, AWARD, as follows:

This matter is governed by the Commercial Rules of the American Arbitration Association and its supplemental procedures governing consumer disputes. During Preliminary Hearing No. 1, the parties agreed to submit briefs and documents. The arbitrator entered an order on February 14, 2012 setting a time for claimant to submit his brief and supporting documents (no later than February 29, 2012). Claimant David Hunter submitted no brief or supporting documents. He withdrew his claim. For that reason, the tribunal ordered dismissing his claim with prejudice. Respondent Citibank timely submitted briefs and supporting documents.

Mr. Hunter disputes certain charges on the '53 and '35 credit card accounts. Citibank opposes the claim and, in the counterclaim, seeks

amounts due under those two credit card accounts. Citibank sought the sum of $1,585.15 in satisfaction of amounts due under the two accounts.

The tribunal hereby awards Respondent Citibank, N.A. the sum of $1,585.15, plus interest at the applicable statutory rate until paid in full.

Finally, Citibank requested an award of its attorney's fees and costs in the amount of $5,970.15. In her *Affidavit for Attorney's Fees*, counsel for Respondent, Alexandra Mijares Nash, described the fees incurred in defending and prosecuting the case. The hourly rates (Laura Sixkiller ($270) and Alexandra Mijares Nash ($215)) are reasonable. In addition, Respondent receives a ten percent discount on those rates. Counsel for Respondent charged time reasonably related to the prosecution and defense of the matter.

The governing fees provision (CITI 000018-D) provides that each party "will bear the expense of that party's attorneys, experts and witnesses, and other expenses, regardless of which party prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law so determines." The governing law is "federal law and the law of South Dakota[.]" *See* CITI 000018-E. And, finally, to the extent permitted by law, the customer is "liable to [Citibank] for all legal costs if [Citibank] refer[s] a collection of [customer's] account to a lawyer who is not [the Bank's] salaried employee. These costs may include reasonable attorney's fees."

South Dakota law provides that fees may be awarded under the parties' agreement or controlling statute. The agreement governs. Here, the section of the agreement on collection costs does not control; rather, the provision for the award of fees in the arbitration section controls. In that provision, the agreement provides that each party will bear the expense of that party's attorneys. Citibank's request for fees is denied.

*Hunter v. Citibank ~ Final Award*

The administrative filing fees of the American Arbitration Association totaling $750.00 shall be borne by Citibank.   The fees of the arbitrator totaling $250.00 shall be borne equally by the parties.

All other claims are denied. This resolves all claims and counterclaims.

Dated:  April 20, 2012
       Phoenix, Arizona            Shawn K. Aiken, Arbitrator

S:\AAA-SKA\Current\29915201 Hunter v. Citgroup\Pleadings\FinalAward.doc

3

*Hunter v. Citibank ~ Final Award*